UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER WHITE

       **Plaintiff,**　　　　　CIVIL ACTION NO. 06-CV-12911-DT

vs.

　　　　　　　　　　　　DISTRICT JUDGE GERALD E. ROSEN

COMMISSIONER OF　　　MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       **Defendant.**
_____/

<u>REPORT AND RECOMMENDATION</u>

<u>RECOMMENDATION</u>: Defendant's Motion to Dismiss should be **GRANTED** (Docket # 9) and the instant case dismissed.

\* \* \*

Plaintiff, acting *in pro per*, filed the instant complaint on June 30, 2006 seeking review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits and Supplemental Security Income. On October 12, 2006 Defendant filed a Motion to Dismiss claiming that the instant complaint was untimely filed. Plaintiff did not file a response to Defendant's motion. For the following reasons, the Court recommends that Defendant's Motion to Dismiss be granted.

Title 42 U.S.C. § 405(g) provides that:

> Any individual, after any final decision of the Commissioner made
> after a hearing to which he was a party, irrespective of the amount

> in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Plaintiff was selected for a pilot program under which the Social Security Administration is, in "randomly selected cases," testing the "elimination of the request for review by the Appeals Council." 20 C.F.R. §§ 404.966(a) and 416.1466(a). (Def.'s Mot. to Dismiss, Exs. 1 and 2). As a participant of this program, the ALJ's unfavorable decision was to be appealed directly to federal district court, bypassing the need to seek intermediate review by the Appeals Council. *Id.* The Administrative Law Judge ("ALJ") who decided Plaintiff's case mailed a Notice of Unfavorable Decision ("Notice") to Plaintiff on April 17, 2006 denying Plaintiff's application for benefits. (Def.'s Mot. to Dismiss, Ex. 1). The Notice advised Plaintiff that if he wished to appeal the ALJ's decision under the test program, he had to file a civil action in federal court within sixty days. *Id.* The Notice further stated, "[t]he 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period."[1] *Id.;* 20 C.F.R. §§ 416.1481, 416.1401, 422.210(c). Accordingly, Plaintiff's complaint should have been filed on or before June 22, 2006. Plaintiff's complaint was not filed until June 30, 2006. Having filed no response or offered any other explanation as to

---

[1] The Notice also informed Plaintiff that he could petition the Appeals Council for an extension of time to file his complaint. Defendant submitted a declaration from Earnest Baskerville, Chief Court Case Preparation and Review Branch 2, Office of Disability Adjudication and Review, Social Security Administration, in which Mr. Baskerville states that Plaintiff did not request such an extension or notify the Appeals Council that he did not receive the Notice during the presumptive 5-day period. (Def.'s Mot. to Dismiss, Ex. 2).

his untimely filing, Defendant's Motion to Dismiss should be **GRANTED** and the instant case dismissed.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


Dated: November 14, 2006          s/Mona K. Majzoub
                                  **MONA K. MAJZOUB**
                                  **UNITED STATES MAGISTRATE JUDGE**

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Walter White and Counsel of Record on this date.

Dated: November 14, 2006            s/ Lisa C. Bartlett
                                             Courtroom Deputy